HUBBARD (MILLER v.). See Case No. 9,-574.

## Case No. 6,817.

HUBBARD et al. v. MORGAN et al.

[1 Betts, C. C. MS. 6.]

Circuit Court, S. D. New York.[1]

CERTIFICATE OF SPECIAL PARTNERSHIP—ACKNOWLEDGMENT—WHEN SPECIAL PARTNER LIABLE AS A GENERAL ONE.

[1. The recorder of the city of New York is a judge of the county court within the contemplation of the New York statute respecting special partnerships, and the certificate is properly acknowledged before him.]

[2. Where the names of all the partners are correctly given in a certificate of special partnership, the use of the words "and Company" in the firm name, as a collective appellation to designate the persons specifically named, does not render a special partner liable as a general partner.]

[1] [The report of the case in the district court, as contained in Hunt. Mer. Mag. 246, is embodied in the statement of facts herein.]

[At law. Assumpsit by Elijah T. Hubbard and Henry T. Carrington against Edward M. Morgan, William H. Jessup, Henry T. Morgan, and Knowles Taylor to recover a balance of account of $10,179.75. Heard on motion for a new trial on case. Plaintiffs resided and did business in the state of Illinois, and the transaction out of which the alleged liability arose was had with the firm of Edward M. Morgan & Co. Defendant Taylor had put $75,000 into the firm of Edward M. Morgan & Co. as a special partner, and set up such fact in defense of the action. The court below (BETTS, District Judge) decided that the recorder of New York was not a judge of the county court, within the contemplation of the state act, respecting special partnerships, and accordingly the certificate of special partnership acknowledged before him was not executed conformably to the act; and also that the use of the term "and Company," in the name of the firm, rendered Taylor a general partner, and a verdict was accordingly rendered. Taylor appealed.]

PER CURIAM. It being understood that the highest court of the state has recently decided in effect that the recorder is a judge of the county court, we shall follow that decision, and accordingly hold the certificate to have been properly acknowledged.

On the second point, we think that as the names of all the partners were correctly given, and the "and Company" was not intended to and did not import that any other person was a member of the firm, but was only a collective appellation for those specifically named, that the use of those terms does not render Mr. Taylor a general partner. A new trial ordered.